*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 1, 2024

Plaintiff-Appellee,

v

No. 366716
Wayne Circuit Court
LC No. 22-003174-01-FC

RICKY GENE ALLISON,

Defendant-Appellant.

Before: K. F. KELLY, P.J., and JANSEN and HOOD, JJ.

K. F. KELLY, P.J. (*concurring in part and dissenting in part*).

I agree with the majority's determination that the trial court abused its discretion when it denied defendant's motion to introduce evidence concerning his sexual relationship with the victim. I write separately, however, to express my disagreement with the majority's conclusion that the trial court also abused its discretion when it denied defendant's motion regarding the introduction of evidence about the existence of the victim's relationship with another individual at the time of the alleged assault. In my view, such testimony is prohibited under the rape-shield statute, MCL 750.520j, is irrelevant, and I respectfully dissent.

In defendant's motion to offer evidence, which the trial court denied, defendant asserted that he desired to introduce evidence that the victim was "in a relationship with another person at the time of the alleged incident." The purpose of such evidence, according to defendant, was to probe the victim's "credibility, bias, and motive to make false allegation [sic] . . . ." For its part, the trial court determined that the potential evidence was not relevant and was not admissible under MCL 750.520j:

[W]ith respect to the proposed offer of evidence or questioning regards to the complainant's potential relationship with another third-party individual to show that there was a motive to lie or fabrication, the Court does not find that that line of questioning or proposed evidence would be relevant in this case.

The fact that the complainant may have been in a relationship at the time does not show any real relevance in this case. You may say there could be a motive to lie or it's being fabricated because of this other relationship, but I haven't seen

anything in the motions or the briefs indicating there's any other information other than you just want to ask questions about this other relationship to, in essence, call into question the complainant's lifestyle, the fact that she was dating someone when these allegations came about.

So while you had brought up the concern of confrontation with respect to that and, as the parties agree, it doesn't fall under the exceptions to the rape statute, Mr. Allison does not have a right to confrontation for irrelevant pieces of information and there's very strong policy in this State through the legislature that questioning a witness or a complainant or a victim about sexual conduct with—potential sexual conduct with third parties, not the Defendant, is certainly frowned upon and viewed as quite prejudicial.

In my view, the trial court's decision was not an abuse of discretion. "The rape-shield statute constitutes a legislative policy determination that sexual conduct or reputation regarding sexual conduct as evidence of character and for impeachment, while perhaps logically relevant, is not legally relevant." *People v Sharpe*, 502 Mich 313, 326; 918 NW2d 504 (2018) (quotation marks and citation omitted). "The statute also reflects a belief that inquiries into sex histories, even when minimally relevant, carry a danger of unfairly prejudicing and misleading the jury." *Id.* (quotation marks and citation omitted). "Finally, the statute protects the privacy of the alleged victim and, in so doing, removes an institutional discouragement from seeking prosecution." *Id.* (quotation marks and citation omitted).

Under MCL 750.520j(1):

(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

(a) Evidence of the victim's past sexual conduct with the actor.

(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

Defendant's offer to introduce evidence that the victim was in another relationship at the time of the alleged assault is inadmissible under the rape-shield statute. By asking the victim if she is in another relationship, the implication would not be that she had an acquaintance or friendship with this person, but rather that the victim and the third party had a sexual relationship. While defense counsel insisted at oral argument before this Court that the victim would not be asked if she was in a "sexual relationship," only if she was in a "relationship" with another individual, counsel readily conceded that any such question would "assume[]" a sexual one. Indeed, as conceded, the implication and inference is absolutely clear—it goes to the victim's sexual conduct; defendant does not want to elicit testimony from the victim about her friends and acquaintances, he wants to elicit testimony about her other sexual partners. Thus, in my view,

defendant's offer of evidence amounts to offering "reputation evidence of the victim's sexual conduct." See MCL 750.520(j)(1). The victim's sexual conduct and history with individuals that are not defendant are simply "not legally relevant." *Sharpe*, 502 Mich at 326.

Moreover, assuming for the sake of argument that the only question defendant merely asks the victim is whether she was in another "relationship," even another "sexual relationship," I also agree with the trial court that the question is not otherwise relevant. That the victim had a sexual relationship with another person at the time of the alleged assault is not, *by itself*, relevant to show that the victim had a motive to fabricate the criminal complaint. Perhaps the alleged relationship was "casual," in that neither party expected monogamy from the other. Or perhaps not. But simply asking the victim if she was in a relationship, without otherwise having any basis to conclude the victim was not truthful, tells the jury nothing about whether the victim had a motive to lie, and only has the potential to mislead the jury. Thus, this case is unlike *Olden v Kentucky*, 488 US 227, 232; 109 S Ct 480; 102 L Ed 2d 513 (1988), cited by the majority, where the defendant intended to pursue an entire "proposed line of cross-examination" that the victim lied about being sexually assaulted "out of fear of jeopardizing her relationship" with her boyfriend. Questioning the victim about whether she was in a relationship, without more, simply is not enough to make the potential responses to the question relevant.

Moreover, defendant's assertion that the only "evidence" that would be introduced would be a single question to the victim inquiring whether she was in another relationship is not well taken. Should the victim simply deny that she was in a relationship or dispute defendant's characterization of the term, defendant concedes he would attempt to impeach her or introduce other evidence that there was a relationship by calling witnesses who claim to know her dating/sexual history. And should the prosecutor feel the need to rehabilitate the victim by having her explain the nature of that alleged relationship, the victim would be open to cross-examination regarding that testimony. Thus, the path that defendant wants to travel has the real potential to turn the proceedings into a minitrial concerning the victim's sexual conduct and history, which the rape-shield statute prohibits and permits the trial court discretion to disallow.

The trial court did not abuse its discretion when it denied defendant's motion to offer evidence of the victim's other relationship, and I would affirm that portion of the order. The proposed evidence would not only violate the rape-shield statute but, as proposed by defendant, would also be irrelevant. Therefore, I respectfully dissent.

/s/ Kirsten Frank Kelly

-3-